IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| IFS FINANCIAL CORPORATION, | § | CASE NO. 02-39553-H1-7 |
| | § | |
| Debtor. | § | |

| | | |
|---|---|---|
| RAMON GARCIA SUAREZ, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-0047 |
| | § | ADVERSARY NO. 04-3745 |
| W. STEVE SMITH, TRUSTEE OF | § | (Consolidated with H-10-0052) |
| THE ESTATE OF IFS FINANCIAL | § | |
| CORPORATION, et al., | § | |
| | § | |
| Appellees. | § | |

| | | |
|---|---|---|
| WOODBERRY #2, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-0052 |
| | § | ADVERSARY NO. 04-3768 |
| W. STEVE SMITH, TRUSTEE OF | § | |
| THE ESTATE OF IFS FINANCIAL | § | |
| CORPORATION, et al., | § | |
| | § | |
| Appellees. | § | |

## MEMORANDUM OPINION AND ORDER

Appellants, Ramon Garcia Suarez and Woodberry #2, appeal the Bankruptcy Court's December 21, 2009, Orders Denying Motions for Reimbursement of Attorneys' Fees.[1]  Pending before the court is the Appellants' Brief (Docket Entry No. 7), Brief of Appellee, W. Steve Smith, Trustee (Docket Entry No. 8), and Appellants' Reply Brief

---

[1]Docket Entry No. 260 in Adversary No. 04-3745 and Docket Entry No. 189 in Adversary No. 04-3768.

(Docket Entry No. 9).   For the reasons explained below, the Bankruptcy Court's orders will be affirmed.

## I.  **Factual Background**

On October 8, 2004, the Trustee filed two separate adversary proceedings against the appellants, Suarez and Woodberry, seeking recovery of allegedly fraudulent transfers pursuant to § 544 of the Bankruptcy Code, and §§ 24.005 and 24.006 of the Texas Business and Commerce Code.  The Suarez and Woodberry adversaries were consolidated for purposes of trial, and trial began on July 18, 2008.   On July 19, 2008, the Bankruptcy Court continued the trial to allow additional discovery.   On January 5, 2009, trial resumed, and continued through January 9, 2009.  Two more trial days were held on January 30 and February 25, 2009.   On June 3, 2009, the Bankruptcy Court heard final argument.  On September 10, 2009, the Bankruptcy Court entered a Memorandum Opinion dismissing all claims against Suarez and Woodberry.[2]   On the same day, _i.e.,_ September 10, 2009, the Bankruptcy Court entered a Judgment in both the Suarez and Woodberry adversary proceedings stating "Costs are awarded to [defendant] and against the Trustee."[3]

---

[2]Memorandum Opinion, Exhibit 3 attached to Appellants' Brief, Docket Entry No. 7 (Docket Entry No. 225 in Adversary No. 04-3745 and Docket Entry No. 169 in Adversary No. 04-3768).

[3]<u>See</u> Judgment, Docket Entry No. 226 in Adversary No. 04-3745 and Docket Entry No. 170 in Adversary No. 04-3768.

On September 21, 2009, Suarez and Woodberry filed their notice of appeal to the district court.[4]

On September 22, 2009, Suarez and Woodberry filed their Motions for Reimbursement of Attorneys' Fees/Costs Under Fed. R. Bankr. P. 7054.[5]  On December 18, 2009, the Bankruptcy Court held a hearing on the motions for reimbursement of attorneys' fees/costs.[6]  At the hearing the Bankruptcy Court denied the motions for attorneys' fees stating that "I no longer have jurisdiction over whether to award attorney's fees or not because that's up on appeal."[7]  The Bankruptcy Court explained that

> I don't think that a federal judgment that awards costs also awards attorney's fees unless it says so or unless you seek attorney's fees within 14 days after the judgment, which you did, but that only applies in a civil matter not in an adversary proceeding.  In an adversary proceeding I think you have to say I'm awarding attorney's fees under the judgment, which I didn't do.
>
> . . .
>
> [T]o me, costs does not include attorney's fees unless you say it does or unless there is a 54(d) motion that's filed, which you can't file in the adversary.[8]

---

[4]Docket Entry No. 229 in Adversary No. 04-3745, and Docket Entry No. 173 in Adversary No. 04-3768.

[5]Exhibit 1 attached to Appellants' Brief, Docket Entry No. 7 (Docket Entry No. 232 in Adversary No. 04-3745, and Docket Entry No. 176 in Adversary No. 04-3768).

[6]See Transcript, Appendix A attached to Brief of Appellee, W. Steve Smith, Trustee (Appellee's Brief), Docket Entry No. 8.

[7]Id. at 6.

[8]Id. at 6-8.

The Bankruptcy Court explained, "I don't think the judgment includes attorney's fees and so any testimony about the attorney's fees is irrelevant.  I'm not awarding attorney's fees based on what my judgment said."[9]  Accordingly, when the Appellants proffered evidence in relation to attorney's fees, the court ruled it "inadmissible on relevance grounds."[10]  In response to Appellants' attempt to recover "non-traditional" costs, i.e., costs that are not listed in 28 U.S.C. § 1920, the Bankruptcy Court asked Appellants' counsel, "[w]hat authority do I have for awarding costs that aren't included in [28 U.S.C.] Section 1920?"[11]  Before the close of the hearing the Bankruptcy Court told counsel, "Let me get you all to file a supplement . . . that goes into the law, because I'm not aware of what I can award in addition to [those costs listed in 28 U.S.C. §] 1920."[12]

On December 21, 2009, the Bankruptcy Court entered an Order Denying Motion for Reimbursement of Attorneys' Fees in both the Suarez and the Woodberry adversary proceedings.[13]

## II.  **Standard of Review**

A district court has jurisdiction to hear an appeal from a bankruptcy court's final judgment or order.  See 28 U.S.C.

---

[9]Id. at 8-9.

[10]Id. at 9.

[11]Id. at 14-15.

[12]Id. at 16.

[13]Docket Entry No. 260 in Adversary No. 04-3745 and Docket Entry No. 189 in Adversary No. 04-3768.

§ 158(a).  The Bankruptcy Court's findings of fact are reviewed under the "clearly erroneous" standard.  In re Perry, 345 F.3d 303, 309 (5th Cir. 2003).  The "clearly erroneous" standard allows this court to reverse the Bankruptcy Court's findings of fact "only if left with 'the definite and firm conviction that a mistake has been committed.'"  Id. (quoting In re Dennis, 330 F.3d 696, 701 (5th Cir. 2003)).  See also In re Coppola, 419 F.3d 323, 326 (5th Cir. 2005).  The Bankruptcy Court's conclusions of law and conclusions on mixed questions of law and fact and questions concerning the application of law to the facts are reviewed de novo.  In re U.S. Brass Corp., 171 F.3d 1016, 1021 (5th Cir. 1999).  A bankruptcy court's decision to deny attorneys' fees is generally discretionary; therefore, the exercise of that power is generally reviewed for abuse of discretion.  See Matter of Terrebonne Fuel and Lube, Inc., 108 F.3d 609, 613 (5th Cir. 1997).  However, when a fee decision is based on a legal construction of the Bankruptcy Code, the district court reviews the underlying construction de novo.  See In re West Delta Oil Co., Inc., 432 F.3d 347, 354 (5th Cir. 2005) ("[W]e review a bankruptcy court's determination of attorneys' fees for abuse of discretion.  Specific findings of fact supporting the award are reviewed for clear error, and conclusions of law are reviewed de novo.").  "In resolving whether [a] request for attorneys' fees was timely [courts] apply a de novo standard of review."  Romaguera v. Gegenheimer, 162 F.3d 893, 895 (5th Cir.

-5-

1998), <u>clarified upon denial of rehearing</u>, 169 F.3d at 223 (5th Cir. 1999) (citing <u>Bellaire General Hospital v. Blue Cross Blue Shield of Michigan</u>, 97 F.3d 822, 827 (5th Cir. 1996) (reviewing <u>de novo</u> a district court's interpretation of the Federal Rules of Civil Procedure).

### III.  <u>Analysis</u>

Appellants argue that "[t]he Bankruptcy Court erred by determining that Fed. R. Bankr. P. 7054 did not provide for attorneys' fees as costs recoverable within an adversary proceeding."[14]  Asserting that "[a]s a general rule, defendants' claims for attorneys' fees constitute costs, not damages," Appellants contend that "[w]hen fees are sought as costs, no demand for fees within the complaint is required."[15]

Appellee argues that the Bankruptcy Court's denial of attorneys' fees should be affirmed because appellants waived their right to recover attorneys' fees in three different ways:

> (i)  PRE-TRIAL AND TRIAL.  Neither Suarez nor Woodberry sought attorneys' fees in their Answer to Complaint, their Amended Answer to Complaint or at Trial — no request for attorneys' fees was made under any provision, including Fed. R. Bankr. P. 7054 ("Bankruptcy Rule 7054"), and no evidence to support same was offered until AFTER the Court issued its Opinion. . .;

> (ii) POST-TRIAL. Even in their post-Trial Motion for Reimbursement of Attorneys' Fees/Costs Under FED. R. BANKR. P. 7054 (the "Motion for Fees"), although

---

[14]Appellants' Brief, Docket Entry No. 7, p. 7.

[15]<u>Id.</u> at 10.

mentioning Bankruptcy Rule 7054 in the title of such document, in substance, Suarez and Woodberry sought relief under Federal Rule 54(d) which applies in civil suits, but **_NOT_** in adversary proceedings [Docket No. 232];

(iii) APPEAL.  Neither Suarez nor Woodberry raised as an issue in this Appeal whether the Bankruptcy Court erred in not awarding them attorneys' fees.  [Docket No. 265, Statement of the Issues].  In fact, neither Suarez nor Woodberry even designated the Trial transcript in this Appeal to evidence such entitlement to attorneys' fees.  Rather, they specifically limited their "issue" before this Court to whether "the Bankruptcy Court erred in its determination that 'costs' under Fed. R. Bankr. P. 7054(b) does not include attorneys' fees when a statute of the United Stats [sic] or rules provide otherwise."[16]

## A.    **Applicable Law**

### 1.    <u>State Law</u>

Appellants' claim for attorneys' fees arises from the fact that the Trustee filed the adversary proceedings against them under the Texas Uniform Fraudulent Transfer Act (TUFTA), Tex. Bus. & Comm. Code § 24.001, <u>et seq.</u>, which expressly provides

> "In any proceeding under this chapter, the court may award costs and reasonable attorney's fees as are equitable and just." Tex. Bus. & Comm. Code § 24.013.[17]

"This provision of TUFTA gives the trial court the sound discretion to award attorney's fees based on the evidence . . ." <u>Walker v. Anderson</u>, 232 S.W.3d 899, 919 (Tex. App. -- Dallas 2007, no pet.).

---

[16]Appellee's Brief, Docket Entry No. 8, p. 4.

[17]Motion for Reimbursement of Attorneys' Fees/Costs Under Fed. R. Bankr. P. 7054 at p. 2 ¶ 2.1, Exhibit 1 attached to Appellants' Brief, Docket Entry No. 7 (Docket Entry No. 232 in Adversary No. 04-3745, and Docket Entry No. 176 in Adversary No. 04-3768).

2.   <u>Federal Law</u>

(a)   Federal Rules of Civil Procedure

**(1)   Pleading Requirements**

In this circuit attorney's fees are generally treated "as special damages that must be specifically pleaded under Federal Rule of Civil Procedure 9(g)." <u>United Industries, Inc. v. Simon Hartley, Ltd.</u>, 91 F.3d 762, 764 (5th Cir. 1996).   In <u>United Industries</u> the Fifth Circuit explained that

> [w]hile this Circuit has not specifically held that attorneys' fees are items of special damage that must be specifically pleaded, we have intimated that this is so. <u>See</u> <u>Crosby v. Old Republic Ins. Co.</u>, 978 F.2d 210, 211 n. 1 (5th Cir. 1992) (noting that any pleading defect caused by a party's failure to plead for attorneys' fees under Rule 9 was cured by advancing the claim during the pretrial conference).   Similarly, our district courts have denied attorneys' fees in the absence of appropriate pleading and we have affirmed on appeal. <u>See</u> <u>Wilson v. William Hall Chevrolet, Inc.</u>, 871 F.Supp. 279, 282-83 (S.D.Miss. 1994), <u>aff'd in part and rev'd in part</u>, 77 F.3d 479 (5th Cir. 1996) (unpublished per curiam) (affirming on all issues except award of interest).

<u>Id.</u> at 764-65.

Federal Rule of Civil Procedure 9(g) provides that "[i]f an item of special damage is claimed, it must be specifically stated." The purpose of the rule is to avoid unfair surprise by informing the parties as to the nature of the damages claimed, and to inform the court of the substance of the claims. <u>Great American Indemnity Co. v. Brown</u>, 307 F.2d 306, 308 (5th Cir. 1962).   Accordingly, in this circuit requests for attorney's fees must be pleaded.   But the failure to plead for attorney's fees will not necessarily preclude

-8-

a party's ability to recover attorney's fees if the party's
opponent is on notice that attorney's fees are being sought.  See
Crosby, 978 F.2d at 211 n.1 (failure to plead attorney's fees as
special damages does not bar recovery if the defect can be cured by
amendment).  The existence of exceptions to the general rule
requiring special damages such as attorney's fees to be pleaded was
recognized by the Fifth Circuit in United Industries:

> We have noted that there may be exceptions to this
> general rule, such as when the issue is tried by consent
> or included in a pretrial order.  See Crosby, 978 F.2d at
> 211 n. 1; see also Seybold v. Francis P. Dean, Inc., 628
> F.Supp. 912, 914-15 (W.D.Pa. 1986).  Likewise, we have
> held that under certain circumstances not present here
> that Rule 54(c) allows the district court to consider the
> fees issue even in the absence of a specific pleading.
> See Engel [v. Teleprompter Corp., 732 F.2d 1238,] 1241
> [(5th Cir. 1984)].  As a general rule, however, we find
> nothing inappropriate with requiring a party to put its
> adversaries on notice that attorneys' fees are at issue
> in a timely fashion or waive that claim.  This is
> accomplished by specifically pleading for attorneys' fees
> in the complaint.

91 F.3d at 764-65.  The Fifth Circuit explained that in Engel, 732

F.2d at 1238, the parties

> had an explicit contract provision that the prevailing
> party would be entitled to fees in the event of
> litigation.  Id. at 1240[-41].  The validity and inter-
> pretation of the provision was [sic] never in dispute.
> Moreover, following remand to the district court,
> Teleprompter made a timely application for attorneys'
> fees and submitted supporting materials *before* the
> district court officially entered its final judgment.
> Id. at 1242.  None of these characteristics are present
> in the case now before us.

Id. at n.4.

### (2)  Motion Requirements

In a civil case it is not enough merely to request attorney's fees in the pleadings because Federal Rule of Civil Procedure 54(d) requires parties seeking attorney's fees to file a timely motion:

**(1)  *Costs Other Than Attorney's Fees*.** Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party.  . .  The clerk may tax costs on 14 days' notice.  On motion served within the next 7 days, the court may review the clerk's action.

**(2)  *Attorney's Fees*.**

**(A)** *Claim to Be by Motion*.  A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

**(B)** *Timing and Contents of the Motion*.  Unless the statute or a court order provides otherwise, the motion must:

**(i)** be filed no later than 14 days after the entry of judgment;

**(ii)** specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

**(iii)** state the amount sought or provide a fair estimate of it; and

**(iv)** disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d).  Thus, to be entitled to recover attorney's fees in a civil action, a party must (1) request attorney's fees in its pleadings or otherwise place its counter-party on notice that attorney's fees are being sought, and (2) file a timely motion under Rule 54(d).  Romaguera, 162 F.3d at 895.

-10-

(b)   Federal Rules of Bankruptcy Procedure

### (1)   Pleading Requirements

Federal Rule of Civil Procedure 9(g) is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7009. In addition, Federal Rule of Bankruptcy Procedure 7008(b) provides that requests for attorney's fees must "be pleaded as a claim in a complaint, cross-claim, third-party complaint, answer, or reply as may be appropriate."

### (2)   Motion Requirements

Federal Rule of Bankruptcy Procedure 7054 does not contain a counterpart to Rule 54(d) that requires parties seeking attorneys' fees to file a timely motion.   Bankruptcy Rule 7054 incorporates Rule 54(a)-(c), but does not incorporate Rule 54(d):

> (a)  Judgments.   Rule 54(a)-(c) F.R.Civ.P. applies in adversary proceedings.
>
> (b)  Costs.  The court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides. . . . Costs may be taxed by the clerk on one day's notice; on motion served within five days thereafter, the action of the clerk may be reviewed by the court.

Fed. R. Bankr. P. 7054.  Thus, to be entitled to recover attorneys' fees in an adversary action, a party must request attorneys' fees in its pleadings or otherwise place its counter-party on notice that attorneys' fees are being sought, but need not file a timely motion like that required by Rule 54(d) in civil actions.

-11-

**B.   Application of the Law to the Facts**

Appellants titled their request for attorneys' fees "Motion for Reimbursement of Attorneys' Fees/Costs Under Fed. R. Bankr. P. 7054," but based their motion on Fed. R. Civ. P. 54(d):

> 2.1  The cause of action was filed by Smith under Tex. Bus. & Comm. Code § 24.001, et seq., which expressly provides:
>
> > "In any proceeding under this chapter, the court may award costs and reasonable attorney's fees as are equitable and just." Tex. Bus. & Comm. Code § 24.013.
>
> . . .
>
> 2.4  Under Fed. R. Civ. P. 54(d), a claim for attorneys' fees and non-related, non-taxed expenses is to be made by motion, which is to be filed no later than fourteen (14) days after the entry of judgment, and must specify the statute, rule or other grounds entitling the moving party to be awarded attorneys' fees. Under Fed. R. Civ. P. 54, a movant may request attorneys' fees.
>
> 2.5  As a general rule, claims for attorneys' fees constitute costs, not damages. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200, 108 S.Ct. 1717, 1721 (1988). A party seeking attorneys' fees as "costs" is seeking fees for work done in a case. *See Rissman v. Rissman*, 229 F.3d 586, 588 (7th Cir. 2000). One seeking attorneys' fees as damages is usually seeking fees incurred prior to the case. *Id.* When attorneys' fees are recoverable as costs, the party is not usually required to include a demand within the complaint. *United Industries v. Simon-Hartley, Ltd.*, 91 F.3d 762, 765-66 (5th Cir. 1996).[18]

Appellants do not dispute that they failed to raise their request for attorneys' fees until after the Bankruptcy Court

---

[18]Motion for Reimbursement of Attorneys' Fees/Costs Under Fed. R. Bankr. P. 7054, Exhibit 1 attached to Appellants' Brief, Docket Entry No. 7.

entered Judgment in their adversary proceedings. Instead, Appellants contend that when attorneys' fees are sought as costs instead of as damages, requests for attorneys' fees need not be raised before judgment is entered. Appellants rely on the Fifth Circuit's opinion in United Industries, 91 F.3d at 362, but that opinion does not support their argument. In that case

> United sued appellee Simon-Hartley, Ltd. seeking reformation of a license agreement. The license agreement included a choice of law provision that "this agreement shall be interpreted and the rights of the parties determined in accordance with English law." United's complaint did not include a request for attorneys' fees. It did, however, request "costs." Similarly, the pretrial order did not include a request for attorneys' fees. The district court conducted a three-day bench trial in September 1992. Following trial, the district court issued a memorandum opinion on October 29, 1992, indicating its intention to rule in United's favor on the reformation claim. . . On April 5, 1994, the court issued its opinion explaining the reasons for granting United's claim. Judgment was entered on April 11, 1994. Simon-Hartley then appealed and [the Fifth Circuit] affirmed in an unpublished per curiam opinion on March 23, 1995. . .

> On April 28, 1995, nearly one year after entry of judgment, United filed a "Notice of Application to Include Attorneys' Fees as Costs" in the district court. United based its tardy claim for fees on the English choice-of-law provision. United argued that under substantive English law it was entitled to attorneys' fees as "costs" because it was the prevailing party. Without addressing the merits of whether the English rule applied, the district court denied the fee request for two reasons. Initially, the court found that United's failure to request attorneys' fees in its complaint or pretrial order precluded recovery. Alternatively, the court noted that the judgment in the case was final and that it only had jurisdiction to enforce the judgment. . .

-13-

Id. at 763-64.  Although the Fifth Circuit held that the

> district court has, at a basic level, the authority to
> hear such a fee request, this does not mean that United
> has complied with the procedural requirements making such
> a motion for attorneys' fees appropriate.  **In its order
> denying United's fee request, the district court
> specifically grounded its ruling on the fact that United
> failed to plead for attorneys' fees.  This was not
> reversible error.**

Id. at 764 (emphasis added).

Appellants do not dispute the Trustee's assertions that they failed to request attorneys' fees in their answers, amended answers, at trial, or in post-trial proceedings.  Nor do Appellants dispute that their initial request for attorneys' fees -- and, therefore, their initial notice to the Trustee that they were seeking attorneys' fees -- was made in the motion for reimbursement of fees/costs that they filed **after** the Bankruptcy Court entered judgment in their adversary proceedings.  Appellants have not cited any case where a trial court has awarded attorneys' fees under analogous circumstances, i.e., where a statute -- such as TUFTA -- provided the court discretionary authority to award attorneys' fees, but the party seeking to recover those fees failed either to plead or otherwise place its counter-party on notice that attorneys' fees were being sought until after a final judgment had been entered.  Moreover, at least one of the cases that Appellants cite rejects Appellants' contentions that attorneys' fees are generally available as costs and that attorneys' fees are available pursuant to Federal Rule of Bankruptcy Procedure 7054 under the

-14-

circumstances at issue.  <u>See</u> <u>In re Lance Richard Kellar</u>, 125 B.R. 716, 719 (Bankr. N.D.N.Y. 1989) ("Bankr. R. 7054(b), the more permissible bankruptcy analogue to Fed.R.Civ.P. 54(d), does not generally encompass an award of attorney's fees absent exceptional circumstances demanding equitable redress, since 'costs are merely court costs incurred from the filing of the proceeding.' <u>GATX Terminals Corp. v. A. Tarricone, Inc. (In re Tarricone, Inc.)</u>, 83 B.R. 770, 775 (Bankr. D.R.I. 1984). . . <u>But see</u> <u>In re J & A Concrete Contractors, Inc.</u>, 58 B.R. 51 (Bankr. W.D. Tex. 1986) (**attorney fees** and expenses **imposed as sanctions treated as costs** under Bankr. R. 7054); <u>AM International, Inc. v. Tennessee Valley Authority (In re AM International, Inc.)</u>, 46 B.R. 566, 578 (Bankr. M.D. Tenn. 1985) ('Costs may be awarded under Bankruptcy Rule 7054 and attorney's fees may be included in these costs **when specifically requested in the pleadings under Bankruptcy Rule 7008(b).'")** (emphasis added))).

## C.  Conclusions

TUFTA, Tex. Bus. & Comm. Code § 24.001, <u>et seq.</u>, the statute underlying the adversary proceedings at issue, gives the trial court the discretion to award attorney's fees.  In this circuit attorney's fees are treated as special damages that must be specifically pleaded under Federal Rule of Civil Procedure 9(g), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7009.  In addition, Federal Rule of Bankruptcy

Procedure 7008(b) requires requests for attorney's fees to "be pleaded as a claim in a complaint, cross-claim, third-party complaint, answer, or reply as may be appropriate." Because Appellants failed either to plead or otherwise place the Trustee on notice that attorneys' fees were being sought until after final judgments had been entered, the Bankruptcy Court neither abused its discretion by failing to award attorneys' fees to the Appellants in its judgments, nor erred by failing to consider Appellants' post-judgment applications for attorneys' fees as costs under Fed. R. Bankr. P. 7054, or entering orders that denied Appellants' motions for reimbursement of attorneys' fees.

## IV.  Order

For the reasons explained above, the Bankruptcy Court's Orders Denying Motion for Reimbursement of Attorneys' fees are **AFFIRMED**.

**SIGNED** at Houston, Texas, on this the 18th day of May, 2010.

_____

SIM LAKE
UNITED STATES DISTRICT JUDGE